UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN L. PATRICK, | ) | CASE NO. 4:06CV639 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | Magistrate Judge George J. Limbert |
| | ) | |
| v. | ) | INTERIM REPORT AND |
| | ) | RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| DAVID BOBBY, et al., | ) | |
| | ) | |
| Defendant. | ) | |

The above case came before this Court on a motion to dismiss filed by Defendant Chris Caja (Defendant) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  ECF Dkt. #10. Plaintiff Brian L. Patrick (Plaintiff), an inmate at the Trumbull Correctional Institution (TCI) in Leavittsburg, Ohio has filed a pro se brief in opposition to Defendant's motion to dismiss.  ECF Dkt. #11.  For the following reasons, the undersigned recommends that the Court DENY Defendant's motion to dismiss.  ECF Dkt. #10.

### A.   FACTS AND PROCEDURAL HISTORY

On March 20, 2006, Plaintiff filed a pro se complaint in this Court pursuant to 42 U.S.C. § 1983 against numerous defendants, including TCI Warden David Bobby, TCI Deputy Warden Julie Loomis, TCI Sergeant Raymond Lewis, TCI Chief Medical Officer Dr. James Kline, TCI Nurse Roger Baker, TCI Health Administrator Marilyn Lane and  Defendant, who is a TCI Unit Manager. ECF Dkt. #1.  Plaintiff alleged that these prison officials disregarded his medical restrictions involving an allergy to tobacco smoke and placed him in a smoking section of the prison, thereby

1

exposing him to environmental tobacco smoke (ETS). *Id.*

Plaintiff thereafter filed a pro se amended complaint on May 16, 2006 and named only Defendant in this complaint, suing him in both his official and individual capacities. ECF Dkt. #5. On May 23, 2006, the Honorable Peter C. Economus issued a Memorandum Opinion and Order dismissing all of the Defendants listed in Plaintiff's original complaint after finding that Plaintiff's amended complaint only listed Defendant and Plaintiff had indicated on the preprinted complaint form that no additional defendants existed except for Defendant. ECF Dkt. #7.

On May 23, 2006, Judge Economus referred the instant case to the undersigned for general pretrial supervision, including the ruling or issuance of Reports and Recommendations on all motions. ECF Dkt. #8. On June 23, 2006, Defendant filed the instant motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF Dkt. #10. On July 10, 2006, Plaintiff filed a memorandum in opposition to the motion. ECF Dkt. #11.

## B. STANDARD OF REVIEW

In his motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant asserts that Plaintiff fails to state a valid Eighth Amendment claim against him because he cannot present any evidence to support his claim alleging that Defendant Caja was deliberately indifferent to his serious medical need to be placed in a non-smoking unit of the prison. ECF Dkt. #10 at 3-4. Defendant contends that Plaintiff cannot establish the objective or subjective components of an ETS exposure claim. *Id.*

Rule 12(b)(6) of the Federal Rules of Civil Procedure governs motions to dismiss for the failure to state a claim and provides, in pertinent part:

> **b) How Presented.** Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ...(6) failure to state a claim upon which relief can be granted...

2

Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss, the Court must take the allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Thompson v. Wilson*, 1:05CV1807, 2006 WL 406524 (N.D. Ohio Feb. 17, 2006). A Court shall not dismiss a complaint "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.,* quoting *Hiser v. City of Bowling Green,* 42 F.3d 382, 383 (6th Cir.1994), *cert. denied,* 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995), *quoting, Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Dana Corp. v. Blue Cross & Blue Shield Mutual of Northern Ohio,* 900 F.2d 882, 885 (6 Cir.1990). The complaint need only give fair notice as to the claim and the grounds upon which it rests. *Thompson*, 2006 WL 406524 citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir.1993). However, the complaint must set forth specific facts which, if proven, would warrant the relief sought. *Thompson*, 2006 WL 406524, citing *Sisk v. Levings,* 868 F.2d 159, 161 (5th Cir.1989). In addition, a court is not bound to accept as true a legal conclusion couched as a factual allegation and need not accept unwarranted factual inferences. *Thompson*, 2006 WL 406524, citing *Papasan v. Allain,* 478 U.S. 265, 286 106 S.Ct. 2932, 2944 (1986) and *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987).

Although the Court construes pro se complaints more liberally than those filed by lawyers, they still must meet the basic pleading essentials. *Thompson*, 2006 WL 406524, citing *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir.1989). However, a Court should not dismiss a pros se prisoner's civil rights action unless it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Thompson*, 2006 WL 406524, quoting *Estelle v. Gamble,* 429 U.S. 997, 106 (1976).

**C.    LAW AND ANALYSIS**

"The Eighth Amendment forbids prison officials from 'unnecessarily and wantonly inflicting pain'" on a prisoner by acting with "deliberate indifference" to the prisoner's serious medical needs. *Blackmore v. Kalamazoo County,* 390 F.3d 890, 895 (6th Cir.2004) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).  In determining deliberate indifference based on exposure to ETS, the Court looks at both objective and subjective components. *Helling v. McKinney,* 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).  In order to meet the objective component, a prisoner must show that his medical needs are "sufficiently serious." *Hunt v. Reynolds,* 974 F.2d 734, 735 (6th Cir.1992).  Exposure to smoke must cause more than "mere discomfort or inconvenience." *Id.* at 735. The prisoner can also establish the objective component of an ETS claim by alleging that, regardless of his health, the level of ETS in the prison creates an unreasonable risk of serious harm to his future health. *Id*.  The prisoner must demonstrate that the risk is one which society deems "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling,* 509 U.S. at 36, 113 S.Ct. 2475.   In order to satisfy the subjective component for establishing deliberate indifference based upon ETS exposure, a prisoner must show that prison authorities knew of, and manifested deliberate indifference to, his serious medical needs. *Id.* at 32, 113 S.Ct. 2475.

Here, Plaintiff complains that Defendant Caja, the TCI Unit Manager, acted deliberately indifferent to his serious medical need to be placed in a non-smoking unit because he informed Defendant of his allergy to tobacco smoke and Defendant, as the supervisor with authority to make cell transfers, was the only person who could have ensured Plaintiff a non-smoking cell. ECF Dkt. #5 at 4b.  According to Plaintiff, he arrived at TCI on February 10, 2004 and was placed in a smoking unit until he notified the proper officials of his smoke allergy and he was immediately moved to a non-smoking block.  *Id*. at 4.  However, in November of 2004, he was

4

transferred back to a smoking unit and on November 23, 2004 he orally requested that Defendant Caja move him to a non-smoking block. *Id.* Plaintiff avers that Defendant Caja informed him in writing that he needed to "Kite Sgt. Dezee, he has a waiting list for inmates that want to go to the non-smoking block." *Id.* Plaintiff "kited" Sergeant Dezee on that same day and Sergeant Dezee informed him in writing on November 30, 2004 that he had been placed on the waiting list for a non-smoking block. *Id.*

Plaintiff further avers that he continued to experience severe reactions due to having to remain in the smoking block at TCI with his allergy. ECF Dkt. #5 at 4a. He contends that he went to the medical unit in late November 2004 and he sent additional correspondence to Warden Bobby complaining that other inmates who were not on the waiting list were nevertheless being moved to the non-smoking unit. *Id.* Plaintiff asserts that Warden Bobby informed him that he needed to work this problem out with his unit staff. *Id.*

Plaintiff asserts that he continued to suffer from asthma, shortness of breath, chest pains, migraines, dizziness, facial skin breakouts causing sores, nausea and watery eyes from November 19, 2004 until February 7, 2005, when he was finally transferred to a non-smoking unit. ECF Dkt. #5 at 4c. He contends that Defendant Caja acted with deliberate indifference by not moving him into a non-smoking unit after he complained of his smoke allergy and physical symptoms. *Id*. at 4b.

### 1. OBJECTIVE COMPONENT OF ETS EXPOSURE CLAIM

In moving to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6), Defendant first asserts that Plaintiff cannot meet the objective component of establishing an ETS claim because his limited exposure to smoke from November 19, 2004 through February 7, 2005, a period of almost three months, does not constitute a deprivation under the Eighth Amendment. ECF Dkt. #10 at 5. Defendant contends that the length of time that Plaintiff spent subjected to tobacco

5

smoke is insufficient to establish a deprivation of his Eighth Amendment rights because it did not result in a serious injury under the objective component. In support, Defendant quotes the holding in *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), cert. denied, 493 U.S. 969 (1989) where the Fifth Circuit Court of Appeals found that "[t]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." ECF Dkt. #10 at 5. Defendant also points out that Plaintiff did not file his written "Informal Complaint Resolution" form until January 24, 2005 and he was then transferred to a non-smoking unit shortly thereafter, on February 7, 2005. *Id.* Plaintiff responds that while he did file his written "Informal Complaint Resolution" form on January 24, 2005, he had orally contacted many prison officials prior to that time, including Defendant on November 23, 2004. ECF Dkt. #11 at 5.

Viewing Plaintiff's amended complaint allegations as true and in a light most favorable to him, the undersigned recommends that the Court find that Plaintiff has sufficiently satisfied the objective component of his ETS exposure claim. Three months of exposure to ETS when an inmate has an allergy to smoke constitutes more than "mere discomfort or inconvenience" and could constitute a serious medical condition. In *Hunt v. Reynolds,* 974 F.2d 734 (6th Cir. 1992), the Sixth Circuit Court of Appeals held that forcing a non-smoking inmate with a serious medical need to share a cell with a prisoner who smoked violated the Eighth Amendment's objective component. The Court quoted the Seventh Circuit's explanation in its holding: "Prisoners allergic to the components of tobacco smoke, or who can attribute their serious medical conditions to smoke, are entitled to appropriate medical treatment, which may include removal from places where smoke hovers." *Id.* at 735-736, quoting *Steading v. Thompson,* 941 F.2d 498 (7th Cir.1991). In *Helling v. McKinney*, the United States Supreme Court held that a prisoner could also assert a cause of action under the Eighth Amendment by alleging no current serious medical

6

condition, but that prison officials acted with deliberate indifference by exposing him to ETS levels that posed a unreasonable risk of serious damage to his future health. 113 S.Ct. 2475 (1993).

Plaintiff in this case averred in his amended complaint that he has an allergy to tobacco smoke which was noted in his medical file and he alleged that he had originally been moved from a smoking unit to a non-smoking unit after his arrival at TCI due to this allergy. ECF Dkt. #5 at 4. Plaintiff further averred that upon his transfer back to a smoking unit, he began experiencing physical symptoms from his smoke allergy, including shortness of breath, chest pains, migraines, dizziness, facial skin breakouts causing facial sores, nausea and watery eyes. *Id.* Defendant has not challenged these assertions. Without argument to the contrary, and viewing Plaintiff's amended complaint allegations as true, the undersigned recommends that the Court find that a medical notation in Plaintiff's file showing that he has an allergy to smoke and a three-month exposure to ETS with such an allergy can constitute a serious medical condition in order to satisfy the objective component of an ETS exposure claim.

For these reasons, the undersigned recommends that the Court DENY Defendant's motion to dismiss Plaintiff's amended complaint on the basis that he has failed to satisfy the objective component of his ETS exposure claim.

**2. SUBJECTIVE COMPONENT OF ETS EXPOSURE CLAIM**

Plaintiff must also establish the subjective component of his ETS exposure claim in order to avoid dismissal of his amended complaint. In order to establish this component, a prisoner must allege specific incidents of deliberate indifference by prison officials. *Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir.1986) ("Some factual basis for [§ 1983] claims must be set forth in the pleadings."). The prisoner must establish that the prison officials knew of, and manifested deliberate indifference to, his serious medical needs. A prison official may be liable

7

under the Eighth Amendment only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.E.2d811 (1994).  Both the United States Supreme Court and the Sixth Circuit Court of Appeals have applied a recklessness standard when determining deliberate indifference.  *Id.* at 839-840; *Kelly v. Wehrum,* No. 98-3172, 1999 WL 455327 at *3 (6th Cir. June 23, 1999), unpublished, citing as an example, *Street v. Corrections Corporation of America*, 102 F.3d 810, 815 (6th Cir. 1996).  Thus, in order to establish deliberate indifference, a prisoner need not prove that the prison officials "intended the consequences of their indifference, but the prisoner is required to present proof that the prison officials knew of the risk but disregarded it." *Id.*

Here, Plaintiff asserts that Defendant acted deliberately indifferent to his allergy to tobacco smoke because he informed Defendant of his allergy, Defendant knew that keeping him in a smoking unit with an allergy to smoke was dangerous, and Defendant was the "sole person who could have ensured a non-smoking cell for Patrick because Mr. Caja was the supervisor of Sgt. Dezee and Mr. Caja had the authority to make cell transfers." ECF Dkt. #5 at 4b.  In moving to dismiss Plaintiff's claim, Defendant asserts that he did not act with deliberate indifference because as soon as Plaintiff informed him of his need to be transferred to a non-smoking unit, he explained to Plaintiff in writing that Plaintiff needed to "kite" Sergeant Dezee so that Sergeant Dezee could put him on the transfer list to a non-smoking unit.  ECF Dkt. #10 at 7.  Plaintiff admits in his amended complaint that he "kited" Sergeant Dezee and Sergeant Dezee wrote back, informing him that he was placed on the transfer list.  ECF Dkt. #5 at 4.  Plaintiff thereafter indicates in his amended complaint that he sent written correspondence to the Warden on December 21, 2004 complaining that others were being transferred to the non-smoking unit who were not on the waiting list.  *Id.* at 4a.  Warden Bobby responded on December 23, 2004 that

8

Plaintiff needed to work with his unit staff in order to resolve the problem. *Id.* Plaintiff filed his Informal Complaint Resolution form on January 24, 2005 indicating that he had delayed filing the complaint because he liked Defendant and thought that he would help him right away. ECF Dkt. #5, Exhibit A-2. Plaintiff was transferred to a non-smoking unit on February 7, 2005. ECF Dkt. #5 at 4c.

The undersigned recommends that the Court find that Plaintiff has, at this point, established sufficient facts in order to avoid the dismissal of his claim under the subjective component. Plaintiff acknowledges that when he informed Defendant of his need to be removed from the smoking unit, Defendant told him that he needed to "kite" Sergeant Dezee in order to be placed on the waiting list for a non-smoking unit. Plaintiff "kited" Sergeant Dezee and was placed on the list. Plaintiff was also afforded medical treatment when he requested it and he was eventually transferred to a non-smoking unit. However, Plaintiff avers that he informed Defendant of his allergy to smoke and Defendant, as Unit Manager, could have placed him in a non-smoking cell because he had the authority to make cell transfers and he was in fact the supervisor of Sergeant Dezee. ECF Dkt. #5 at 4b.

In his motion for summary judgment, Defendant does not address Plaintiff's assertions that he as Unit Manager could have moved Plaintiff and that he was Sergeant Dezee's supervisor with authority to make cell transfers. Accordingly, construing the facts in a light most favorable to Plaintiff at this point, the undersigned recommends that the Court find that Plaintiff provides sufficient basis to avoid the dismissal of his amended complaint because he has sufficiently satisfied the subjective component of his ETS claim. Plaintiff's complaint allegations facially establish that Defendant knew of his allergy to smoke and nevertheless did not move him from the smoking unit despite this knowledge and the authority in which to do so.

For the same reasons, the undersigned further recommends that the Court DENY

Defendant's motion to dismiss Plaintiff's amended complaint against Defendant in his individual capacity.  Defendant makes no separate arguments relating to dismissing the lawsuit against him in his individual capacity and relies on the same arguments presented above.  Since the undersigned construes the facts in a light most favorable to Plaintiff and finds that Plaintiff has facially established an ETS exposure claim, the undersigned recommends that the Court DENY Defendant's motion to dismiss Plaintiff's amended complaint against him in his individual capacity.  ECF Dkt. #10.

**D.      CONCLUSION AND RECOMMENDATION**

Construing Plaintiff's complaint allegations as true and in a light most favorable to him, the undersigned recommends that the Court DENY  Defendant's motion to dismiss Plaintiff's amended complaint based upon Rule 12(b)(6) of the Federal Rules of Civil Procedure.


Dated: August 17, 2006                         */s/George J. Limbert*
                                               GEORGE J. LIMBERT
                                               U.S. MAGISTRATE JUDGE



ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).